131 T.C. No. 6


UNITED STATES TAX COURT



JOSEPH B. WILLIAMS, III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2202-08.                    Filed October 2, 2008.


    P filed a petition timely seeking redetermination of
deficiencies in income tax for 1993-2000 and attempting to
put at issue certain liabilities for which he received no
notice from R:  P's income tax liability for 2001, his
potential liability for unassessed interest on asserted tax
liabilities, and his liability for a so-called FBAR penalty
under 31 U.S.C. sec. 5321(a).  R moved to dismiss in part,
as to the three liabilities not included in the deficiency
notice.

    <u>Held</u>:  The Tax Court lacks jurisdiction to redetermine
P's income tax liability for 2001, liability for unassessed
interest, and liability for the FBAR penalty.



<u>David H. Dickieson</u>, for petitioner.

<u>John C. McDougal</u>, for respondent.

OPINION

GUSTAFSON, Judge: This matter is before us on respondent's "Motion To Dismiss for Lack of Jurisdiction and To Strike as to the Taxable Year 2001, as to Interest, and as to FBAR [foreign bank account report] Penalties" (the motion). Petitioner objects (the objection). We shall grant the motion.

Background

By notice of deficiency dated October 29, 2007, respondent determined deficiencies in petitioner's 1993 through 2000 Federal income tax, along with penalties and additions to tax. By the petition, petitioner assigned error to those determinations. We have jurisdiction to consider petitioner's assignments of error.

The petition, however, also addresses three other matters that are the subject of respondent's motion: (1) Petitioner appears to seek relief as to the year 2001 (the first year after the years that are the subject of the notice of deficiency). He states that the "Tax periods involved in this Petition are income taxes for 1993, 1994, 1995, 1996, 1997, 1998, 1999, 2000, 2001". (Emphasis added.) (2) He "seeks an abatement of any interest which may be assessed" for certain periods on the deficiencies at issue here; and he cites section 6404(e),[1] "Abatement of Interest

_____

[1]Except as otherwise noted, section references are to the Internal Revenue Code (26 U.S.C.), and Rule references are to the Tax Court Rules of Practice and Procedure.

Attributable to Unreasonable Errors and Delays by the Internal Revenue Service". (3) He discusses penalties imposed on him under 31 U.S.C. section 5321, for failure to file foreign bank account reports (FBARs) disclosing Swiss bank accounts. The petition ends with a prayer "that any tax deficiency, FBAR penalty, and/or interest be abated."

Discussion

The Tax Court is a court of limited jurisdiction. We may therefore exercise jurisdiction only to the extent expressly provided by statute. Breman v. Commissioner, 66 T.C. 61, 66 (1976). Congress has not conferred jurisdiction on this Court to consider the matters that are the subject of the motion.

1. Tax Year 2001

In a case seeking redetermination of a deficiency, jurisdiction depends on the issuance by the Commissioner of a notice of deficiency. Secs. 6212(a), 6214(a). The objection acknowledges that taxable year 2001 is not included in the notice of deficiency. Because it is not, the Court does not have jurisdiction to determine petitioner's tax liability for taxable year 2001, and we shall deem stricken from paragraph 3 of the petition the reference to 2001. See Rule 52 ("the Court may order stricken from any pleading any insufficient claim or * * * any * * * immaterial [or] impertinent * * * matter"); cf. Fed. R.

Civ. P. 12(f); <u>Bernal v. Commissioner</u>, 120 T.C. 102, 103 n.2 (2003).

2.  <u>Interest</u>

This Court has only limited jurisdiction to address issues related to statutory interest.  See <u>Bax v. Commissioner</u>, 13 F.3d 54, 56 (2d Cir. 1993).  Here petitioner invokes section 6404(e), which authorizes the Commissioner to "abate the assessment of all or any part of such interest".  By implication, petitioner invokes section 6404(h), which authorizes this Court, in certain circumstances, to "determine whether the Secretary's failure to abate interest under this section was an abuse of discretion".  However, the petition seeks not an abatement of interest that has been assessed but rather "an abatement of any interest which <u>may be</u> assessed".[2]  (Emphasis added.)

The remedy available under section 6404(e) is for the Commissioner to "abate the <u>assessment</u>" of interest.  (Emphasis added.)  Thus, as this Court has observed, "Section 6404(e), by its very terms, does not operate until after there has been an assessment of interest".  <u>508 Clinton St. Corp. v. Commissioner</u>, 89 T.C. 352, 355 (1987).  As a result, jurisdiction under section 6404(h) for this Court to review the Commissioner's determination

---

[2]The petition also states:  "The sheer size of this <u>potential</u> interest liability mandates that any errors on its calculation be raised in this petition and addressed by the Tax Court."  (Emphasis added.)

under section 6404(e) is lacking unless and until an assessment of interest has occurred and the Secretary has mailed his "final determination not to abate such interest". Sec. 6404(h)(1); see Rule 280; Bourekis v. Commissioner, 110 T.C. 20, 26-27 (1998).

Petitioner seeks instead a preassessment review by this Court, which Congress has not empowered the Court to undertake. Rather, the Supreme Court has characterized section 6404(h) as "a precisely drawn, detailed statute [that] pre-empts more general remedies." Hinck v. United States, 550 U.S. ___, ___, 127 S. Ct. 2011, 2015 (2007) (quoting EC Term of Years Trust v. United States, 550 U.S. ___, ___, 127 S. Ct. 1763, 1767 (2007)). We therefore lack jurisdiction over the petition to the extent it seeks relief pertaining to interest, and we shall deem stricken from the petition paragraphs 5(d) and 54-66, and the reference to interest in the prayer for relief.

3. FBAR Penalties

The FBAR penalties that the petitioner alleges have been imposed on him are authorized in Title 31 ("Money and Finance") of the United States Code, not Title 26 (the Internal Revenue Code). The FBAR provisions originated in the Bank Secrecy Act, Pub. L. 91-508, 84 Stat. 1114 (1970); and after the terrorist attacks of September 11, 2001, Congress directed, in the USA

Patriot Act,[3] that attempts should be made to improve compliance with these provisions.  Title 31 U.S.C. sec. 5314 (2000) authorizes the Secretary of the Treasury to "require a * * * citizen of the United States * * * to * * * keep records and file reports, when the * * * citizen * * * maintains a relation for any person with a foreign financial agency."  The Secretary of the Treasury exercised that authority by requiring that citizens report their foreign bank accounts, see 31 C.F.R. sec. 103.24 (2007), and by ordering that the reports be made on forms to be filed with the Internal Revenue Service (IRS), see id. sec. 103.27(c)-(e).

Section 5321(a) of Title 31 provides for civil penalties for violations of the reporting requirements of section 5314, and section 5321(b)(1) provides that the Secretary of the Treasury may assess those penalties.  (Section 5321(b)(2) provides that the Secretary may "commence a civil action to recover" the penalty.)  The Secretary's authority to assess the civil FBAR

---

[3]See USA Patriot Act, Pub. L. 107-56, sec. 361(b), 115 Stat. 272 (2001):

> The Secretary of the Treasury shall study methods for improving compliance with the reporting requirements established in section 5314 of title 31, United States Code, and shall submit a report on such study to the Congress by the end of the 6-month period beginning on the date of enactment of this Act and each 1-year period thereafter.

penalties has been delegated to the IRS. See 31 C.F.R. sec. 103.56(g) (2007).

The petition states that such FBAR penalties were "imposed" on the petitioner (not specifying whether they have been assessed, or merely proposed); states that the IRS Appeals Office in Baltimore upheld the imposition of the penalties; urges that the Appeals Office abused its discretion in so doing; and asks this Court to "abate" the FBAR penalties. We cannot do so. "The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title" (i.e., Title 26) and predecessor internal revenue statutes. See sec. 7442. Petitioner does not point to any grant of jurisdiction to this Court that would extend to FBAR penalties, and we find none.

The FBAR penalties provided in Title 31 are nowhere made subject to the deficiency procedures of Title 26, see secs. 6212-6214, on which procedures the bulk of this Court's jurisdiction is predicated. For certain taxes, section 6212(a) authorizes the Commissioner to issue a notice of deficiency. Section 6213(a) provides that the tax may not be assessed until such a notice has been issued, and it provides that the assessment of the tax must be delayed pending a possible redetermination by the Tax Court if the taxpayer files a timely petition with the Court. However, under sections 6212(a) and 6213(a), such a notice of deficiency is to be sent in the case of "a deficiency in respect of any tax

imposed by subtitle A ["Income Taxes"] or B ["Estate and Gift Taxes"] or chapter 41, 42, 43, or 44 [in subtitle D, "Miscellaneous Excise Taxes"]".  By negative implication, any other taxes--even if imposed in Title 26--fall outside this Court's deficiency jurisdiction.[4]

The same conclusion must be reached as to the FBAR penalties imposed in Title 31:  The Secretary of the Treasury is authorized by 31 U.S.C. sec. 5321(b)(1) to assess the FBAR penalty; no notice of deficiency is authorized by section 6212(a) nor required by section 6213(a) before that assessment may be made; and the penalty therefore falls outside our jurisdiction to review deficiency determinations.

Petitioner does not allege here that he received any notice of deficiency for the FBAR penalties, nor does he allege having

---

[4]For example, the "Assessable Penalties" provided under Chapter 68 (i.e., within Subtitle F, "Procedure and Administration") fall outside the deficiency notice regime of sections 6212 to 6214 and thus fall outside this Court's deficiency jurisdiction.  See, e.g., sec. 6682(c) ("Deficiency Procedures Not to Apply"); sec. 6703 ("deficiency procedures * * * shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702"); Van Es v. Commissioner, 115 T.C. 324, 329 (2000) (the Tax Court does not have jurisdiction to redetermine liability for sec. 6702 penalties); Wilt v. Commissioner, 60 T.C. 977 (1973) (trust fund recovery penalties under sec. 6672 fall outside the Tax Court's deficiency jurisdiction).  Whether the Tax Court's "collection due process" jurisdiction extends to the review of collection efforts directed to the assessable penalties is a different question, to which the answer is now affirmative, in view of a 2006 amendment to section 6330(d)(1).  See Callahan v. Commissioner, 130 T.C. 44, 48 (2008).

received any other notice that might confer jurisdiction on this Court, such as a notice pertaining to a lien under section 6321 or to a levy under section 6331 (both of which are procedures applicable to "any person liable to pay any _tax_" (emphasis added)).[5] Such collection activities give rise to a notice and opportunity for a hearing under section 6320 or section 6330 (both of which explicitly presume "unpaid tax"). That notice may result in an agency determination that this Court would then have jurisdiction to review, in the lien and levy context. See secs. 6320(c), 6330(d)(1). Under section 6330(d)(1), this Court's authority to review IRS collection activity depends on the Commissioner's prior issuance of such a notice of "determination" under section 6330(c)(3), see Goza v. Commissioner, 114 T.C. 176, 182 (2000); and in the absence of such a notice, this Court lacks jurisdiction to review the Commissioner's collection activity.

The statutes creating the "collection due process" procedures, and the statutes creating the lien and levy collection mechanisms reviewed by those procedures, all

---

[5]The lien created in section 6321 arises only in the case of "any _tax_ * * * (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto)". (Emphasis added.) The "assessable penalt[ies]" referred to in section 6321 are evidently those denominated as such in Chapter 68, Subchapter B ("Assessable Penalties," sections 6671-6725). Similarly, collection by levy is authorized in section 6331(a) only for "any _tax_ * * * (and such further sum as shall be sufficient to cover the expenses of the levy)". (Emphasis added.)

explicitly pertain to "tax",[6] not to the FBAR penalty that petitioner attempts to put at issue here.  Petitioner does not allege that he received any notice of determination under section 6320 or 6330 upholding any lien or proposed levy as to FBAR penalties, nor does he allege any action whatsoever by the Secretary leading toward the collection of the FBAR penalty.

The Tax Court has no jurisdiction to review the Secretary's determination as to petitioner's liability for FBAR penalties. As a result, respondent's motion must be granted, and we shall deem stricken from the petition paragraphs 5(e) and 67-73, and the reference to FBAR penalty in the prayer for relief.

To reflect the foregoing,

An appropriate order will be issued.

---

[6]The definition of the word "tax" in sections 6320, 6321, 6330, and 6331 is broadened by section 6665(a) to include "additions to the tax, additional amounts, and penalties provided by this chapter [i.e., ch. 68 (secs. 6651-6751)]"; but we are aware of no statute that would expand "tax" as used in the lien and levy statutes in Title 26 to include the FBAR penalty of Title 31.  The collection mechanism authorized in the FBAR statute itself is not lien or levy but "a civil action to recover a civil penalty".  31 U.S.C. sec. 5321(b)(2).