T.C. Memo. 2009-81


UNITED STATES TAX COURT



JOSEPH B. WILLIAMS, III, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2202-08.                    Filed April 16, 2009.


        P filed tax returns for 1993 through 2000.  He was
later charged with tax evasion under I.R.C. sec. 7201
for all 8 years.  By agreement P pleaded guilty to one
count of tax evasion in a superseding criminal
information as to all 8 years.  By a notice of
deficiency issued in October 2007, R determined
deficiencies and fraud penalties for all 8 years.  P
filed a petition in this Court in which he asserted
that he merely pleaded guilty to tax evasion in some
indeterminate year or years during the span of 1993
through 2000, not for all 8 years nor for any given
year therein.  R moved for partial summary judgment on
the issue of P's fraud for all 8 years.

        <u>Held</u>:  The superseding criminal information, P's
allocution and plea, and the conviction all explicitly
assert tax evasion in all 8 years.

        <u>Held</u>, <u>further</u>, P's conviction for tax evasion
under I.R.C. sec. 7201 for 1993 through 2000

collaterally estops him for each of those years from denying civil fraud for purposes of the statute of limitations, see I.R.C. sec. 6501(c)(1), and the fraud penalty, see I.R.C. sec. 6663(a).

David H. Dickieson, for petitioner.

John C. McDougal, for respondent.

## MEMORANDUM OPINION

GUSTAFSON, Judge:  Petitioner Joseph Bryan Williams, III, was charged with tax crimes for each of the 8 years 1993 through 2000.  He pleaded guilty and was convicted for all 8 years. Subsequently, the Internal Revenue Service (IRS) issued to Mr. Williams a statutory notice of deficiency pursuant to section 6212,[1] showing the IRS's determination of deficiencies in income tax and accompanying fraud and accuracy-related penalties under sections 6663 and 6662, respectively, for all 8 of those years.

Mr. Williams petitioned this Court, pursuant to section 6213(a), to redetermine those deficiencies.  We previously decided several threshold jurisdictional issues, see Williams v. Commissioner, 131 T.C. ___ (2008), and the case is

---

[1]Unless otherwise indicated, all citations to sections refer to the Internal Revenue Code of 1986 (26 U.S.C.), as amended, and all citations to Rules refer to the Tax Court Rules of Practice and Procedure.

now before us on respondent's motion for partial summary judgment pursuant to Rule 121. The issue for decision is whether respondent is entitled to partial summary judgment[2] because Mr. Williams's guilty plea to criminal tax evasion under section 7201 with respect to tax years 1993 through 2000 collaterally estops him from contesting that he fraudulently underpaid his income taxes for all 8 of the tax years at issue. Mr. Williams acknowledges that he is liable for civil tax fraud on the basis of his criminal conviction, but he opposes the motion by arguing that the conviction does not make him liable in every one of the 8 years, but in only some of them (yet to be decided). However, the criminal charge, Mr. Williams's allocution and plea, and the conviction all explicitly assert tax evasion in all 8 years, and respondent's motion will be granted.

## Background

The following facts are not in dispute and are derived from the pleadings, the parties' motion papers, and the supporting exhibits attached thereto.

## Mr. Williams's Business Activity

During the years at issue, Mr. Williams was an oil trader for Mobil Oil, who traveled to foreign countries. In 1993

---

[2]Respondent seeks summary judgment for all 8 of the tax years at issue, but only as to the issue of whether Mr. Williams fraudulently underpaid his income taxes, not as to the actual amounts of tax deficiency and penalties.

Mr. Williams opened two bank accounts at Banque Indosuez in Switzerland in the name of ALQI Holdings, Ltd. (ALQI), a British Virgin Islands corporation (the ALQI accounts). From 1993 through 2000, more than $7 million was deposited in the ALQI accounts, and more than $800,000 in interest was earned on those deposits.

Respondent alleges that these deposits and the interest thereon were current income to Mr. Williams in the tax years received or earned. Mr. Williams disagrees and alleges that these amounts were not taxable to him until ALQI distributed them to him.

The Examination and Criminal Information

For each of the 8 tax years 1993 through 2000, Mr. Williams filed a Form 1040, U.S. Individual Income Tax Return, that did not reflect the deposits to or interest on the ALQI accounts. He filed the return for each year in the succeeding year, and he filed the latest of them (for 2000) in May 2001.[3]

The IRS conducted an investigation of Mr. Williams and ALQI, which culminated in Mr. Williams's being charged in April 2003. The superseding criminal information (to which Mr. Williams later pleaded guilty) stated two counts: (1) one count of conspiracy

---

[3]Mr. Williams filed his return for 1993 on April 15, 1994; for 1994 on April 17, 1995; for 1995 on April 15, 1996; for 1996 on April 15, 1997; for 1997 on April 15, 1998; for 1998 on April 15, 1999; for 1999 on April 17, 2000; and for 2000 on May 15, 2001.

to defraud the IRS, in violation of 18 U.S.C. section 371 (the conspiracy count), and (2) one count of criminal tax evasion with respect to each of the 8 tax years 1993 through 2000, in violation of section 7201 of the Internal Revenue Code (the tax evasion count).[4]  The tax evasion count alleged tax evasion in all 8 years, as follows:

COUNT TWO

(Tax Evasion)

\*       \*       \*       \*       \*       \*       \*

(17) From in or about 1993, through in or about April 2001, in the Southern District of New York and elsewhere, J. BRYAN WILLIAMS, the defendant, unlawfully, willfully and knowingly <u>did attempt to evade and defeat a substantial part of the income tax due and owing</u> by J. BRYAN WILLIAMS and his spouse to the United States of America <u>for the calendar years 1993 through 2000</u>, by various means, including, among others by (a) arranging for approximately $7.98 million in payments which were income to Williams to be made into the secret Alqi accounts in Switzerland he controlled; and (b) preparing and causing to be prepared, signing and causing to be signed, and filing and causing to be filed, <u>false and fraudulent U.S.</u>

---

[4]While Mr. Williams seems to use the terms "criminal information" and "indictment" interchangeably, both at his plea hearing and in his pleadings and motion papers herein, the procedure employed in Mr. Williams's case was a criminal information.  An indictment is "[t]he formal written accusation of a crime, made by a grand jury and presented to a court for prosecution against the accused person", whereas an information is "[a] formal criminal charge made by a prosecutor without a grand-jury indictment."  Black's Law Dictionary 788, 795 (8th ed. 2004).  These are different procedures, see Fed. R. Crim. P. 7, but the difference is not material either to the application of collateral estoppel to a conviction or to the outcome of this case, see <u>infra</u> pt. II.B.1.

<u>Individual Income Tax Returns, Form 1040, for the
calendar years 1993 through 2000</u>, on which he failed to
disclose his interest in the secret Alqi bank accounts
in Switzerland, and on which, <u>in the years set forth
below, he failed to report the approximate amounts of
income set forth below</u>, and upon which income there was
a substantial additional tax due and owing to the
United States of America:

| Calendar Year | Approximate Amount of Income |
|---|---|
| 1993 | $1,029,518.72 |
| 1994 | 752,479.52 |
| 1995 | 998,723.14 |
| 1996 | 3,917,762.57 |
| 1997 | 1,670,891.49 |
| 1998 | 133,371.90 |
| 1999 | 109,167.59 |
| 2000 | 256,234.64 |

(Title 26, United States Code, Section 7201).

[Emphasis added.]

<u>Mr. Williams's June 2003 Guilty Plea and Conviction</u>

On June 12, 2003, Mr. Williams entered a plea of guilty to one count of conspiracy to defraud the IRS in violation of 18 U.S.C. section 371 and to one count of criminal tax evasion with respect to the 8 tax years 1993 through 2000, in violation of section 7201.

In the course of taking the guilty plea, the District Court judge asked Mr. Williams for a specific allocution as to what crimes he committed. We quote here from Mr. Williams's

allocution, emphasizing language that acknowledged tax evasion in all 8 years at issue:

> THE DEFENDANT: In 1993, with the assistance of a banker at Bank Indosuez, I opened two bank accounts in the name of a corporation Alqi Holdings, Ltd. Alqi was created at that time as a British Virgin Islands Corporation. The purpose of that account was to hold funds and <u>income I received from foreign sources during the years 1993 to 2000.</u>
>
> Between 1993 and 2000, more than seven million dollars was deposited in the Alqi accounts and more than $800,000 in income was earned on those deposits.
>
> I knew that most of the funds deposited into the Alqi accounts and all the interest income were taxable income to me. However, <u>the calendar year tax returns for '93 through 2000, I chose not to report the income to my -- to the Internal Revenue Service in order to evade substantial taxes owed thereon</u>, until I filed my 2001 tax return.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> <u>I knew what I was doing was wrong and unlawful. I, therefore, believe that I am guilty of evading the payment of taxes for the tax years 1993 through 2000.</u> I also believe that I acted in concert with others to create a mechanism, the Alqi accounts, which I intended to allow me to escape detection by the IRS. Therefore, I am -- I believe that I'm guilty of conspiring with the people would whom I dealt regarding the Alqi accounts to defraud the United States of taxes which I owed.

At the allocution hearing, the court and counsel also discussed separately Mr. Williams's plea to the conspiracy count, as to which reservations were stated on his behalf:

> MR. SHERTLER [Defense Counsel]: And, your honor, may I -- <u>we're not adopting or accepting the facts as stated in the conspiracy count</u>, which I think

is the recitation of what was in the original indictment in this case.  <u>What we have agreed is that Mr. Williams would plead guilty to conspiracy counts, but based upon the factual allocution</u>, which he has given to this Court.

    *       *       *       *       *       *       *

* * * [B]ut <u>we are not adopting the facts that are stated in that [conspiracy] count.  And I think that Mr. Neiman [the prosecutor] is correct, he could plead guilty to the conspiracy counts based on different facts, as long as your Honor is satisfied with the allocution</u>.

     THE COURT:     Well, that's exactly where we are at the moment.  But I think I am -- and I, if you have any other questions, Mr. Neiman, that you want to put to him, in addition to those he's recited, it's your turn.

     MR. NEIMAN [Prosecutor]: No, your Honor.  I believe that the plea allocution that was given was sufficient.  I believe Mr. Williams acknowledged getting two the million dollar payment, which is what's charged in count one [the conspiracy count], and not reporting it.

     THE COURT:     And, in fact, has allocuted with respect to the elements in count two [the tax evasion count] as well.

     MR. NEIMAN [Prosecutor]: I believe that's correct, you Honor.

     THE COURT:     Very well.  I will accept the plea and find that you are fully competent and capable of entering an informed plea, and that your guilty plea is a knowing and a voluntary one and supported by an independent basis in fact containing each and every essential element of the offense, and the Clerk will enter the guilty plea.  [Emphasis added.]

A judgment of conviction on both the conspiracy count and the tax evasion count was entered against Mr. Williams and became final on October 22, 2003.

On October 29, 2007, the IRS issued to Mr. Williams a statutory notice of deficiency pursuant to section 6212, showing the IRS's determination of the following deficiencies and accompanying fraud and accuracy-related penalties under sections 6663 and 6662, respectively, for all 8 of those years:

| | | Penalty | |
| Year | Deficiency | Sec. 6663 | Sec. 6662 |
| --- | --- | --- | --- |
| 1993 | $417,652 | $313,038.00 | --- |
| 1994 | 304,740 | 226,206.75 | --- |
| 1995 | 417,354 | 313,015.50 | --- |
| 1996 | 1,572,673 | 1,179,504.75 | --- |
| 1997 | 809,620 | 511,143.00 | $25,619.20 |
| 1998 | 52,733 | 39,549.75 | --- |
| 1999 | 113,049 | 33,395.25 | 13,704.40 |
| 2000 | 120,391 | 74,093.25 | 4,320.00 |

Proceedings in This Court

Mr. Williams petitioned this Court pursuant to section 6213(a) to redetermine those asserted deficiencies. Respondent moved for partial summary judgment, asking the Court to hold that Mr. Williams is liable for civil fraud in each of the 8 years 1993 through 2000.

Mr. Williams does not dispute that he committed tax fraud and owes Federal income taxes and interest and penalties thereon. However, Mr. Williams argues that he merely pleaded guilty to criminal tax evasion in some indeterminate year or years during

the span of 1993 through 2000, not for all of the years nor for any given year therein.  Thus, Mr. Williams's dispute is limited to <u>when</u> (i.e., for what tax years) he owes Federal income taxes:

> The basis for this opposition [to the IRS's Motion for Partial Summary Judgment] is narrow and limited. Mr. Williams pled guilty to tax evasion in *U.S. v. Williams*, Criminal No. 03 CR 406 (S.D.N.Y. 2003). Consequently, the IRS has the authority, under 26 U.S.C. Section 6663, to impose a civil fraud penalty as a percentage of the tax that was evaded by fraudulent means.  As indicated in the Petition and subsequent pleadings, <u>the principal issue in this case is not that Mr. Williams doesn't owe taxes or penalties, but **when** the taxes and penalties were incurred.</u>  This Court must make findings relating to the amount and year that such taxes and penalties were incurred.  Then, based on those findings, the IRS can compute the interest owed. The difference in the amount of interest will vary by many millions of dollars based on this Court's determination of when the income is to be recognized. [Emphasis added.]

About his guilty plea, Mr. Williams explains that he--

> viewed those allegations [in the criminal information] as factually incorrect, but he was willing to plead guilty to Tax Evasion as described by him during his allocution to the Court.  * * * [B]oth the prosecutor and the judge accepted Mr. Williams' plea on the facts that he described and not on the Superseding Information that he rejected * * *.  * * *  Given this explicit rejection of the facts alleged in the Superseding Information by Mr. Williams and the acceptance of that rejection by both the Court and the Prosecutor, it is clear that the Superseding Criminal Information cannot have a collateral estoppel impact on subsequent litigation.  The only facts capable of establishing a collateral estoppel impact are those facts expressly affirmed in Mr. Williams' allocution.

- 11 -

Discussion

I.   Standard for Summary Judgment

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant full or partial summary judgment where there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(b); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that no genuine issue of material fact exists, and the Court will view any factual material and inferences in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Sundstrand Corp. v. Commissioner, supra at 520; Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985). If there exists any reasonable doubt as to the facts at issue, the motion must be denied. Sundstrand Corp. v. Commissioner, supra at 520 (citing Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) ("The opposing party is to be afforded the benefit of all reasonable doubt, and any inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion for summary judgment")).

The issue of whether Mr. Williams fraudulently underpaid his Federal income taxes in 1993 through 2000 can be resolved on the basis of the undisputed facts.

II.  Mr. Williams's Liability for Civil Tax Fraud

Respondent moves for partial summary judgment on the grounds that Mr. Williams is collaterally estopped from contesting that he fraudulently underpaid his Federal income taxes in 1993 through 2000 because his guilty plea for criminal tax evasion under section 7201 as to the years 1993 through 2000 is conclusive and binding as to those tax years.

A.    To Prevail in This Case, the IRS Must Prove Fraud.

Mr. Williams's fraud is the threshold issue in this case, not only because his liability for the fraud penalty depends on it, but also because fraud affects the period of limitations for assessment of his liability for the tax deficiencies.  Generally, the IRS must assess a deficiency within 3 years of the date on which the tax return that relates to such deficiency was filed. Sec. 6501(a).  For the tax years 1993 through 2000, Mr. Williams's latest-filed return (for 2000) was filed May 15, 2001.  However, it was not until more than 6 years later--on October 29, 2007--that the IRS issued to Mr. Williams a notice of deficiency, which is the first step in the process of assessing a deficiency.  If the general rule of section 6501(a) applied, then the IRS would have failed to assess the deficiency within the

period of limitations and would be barred from assessing and collecting any of the deficiencies or additions to tax for the 8 tax years at issue.  However, if the deficiency was determined "[i]n the case of a false or fraudulent return with the intent to evade tax," then the IRS may assess such deficiency "at any time."  Sec. 6501(c)(1).  Thus, we decide as a threshold matter whether Mr. Williams is liable for fraud under section 6663.

Respondent bears the burden of proving the existence of civil tax fraud.  See sec. 7454(a); Rule 142(b).  If respondent fails to prove fraud, then the statute of limitations will prevent respondent from assessing and collecting any of the deficiencies or additions to tax.  See sec. 6501(a).  The particular issue implicated in respondent's pending motion is whether Mr. Williams is liable for fraud for all 8 years, or whether he is liable for fraud merely for some indeterminate time within the span of those 8 years.

B.   Collateral Estoppel Bars Relitigation of Fraud

   1.   Conviction for Attempting To Evade or Defeat Tax
        Establishes Fraud.

Respondent asserts that Mr. Williams's conviction on one count of criminal tax evasion under section 7201 with respect to tax years 1993 through 2000 collaterally estops him from contesting that he fraudulently underpaid his income taxes in those tax years.  In Montana v. United States, 440 U.S. 147,

153-154 (1979), the Supreme Court explained the doctrine of collateral estoppel as follows:

> Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.

When the prior determination was in a criminal case, and the subsequent suit is civil, this same principle applies.  The Court of Appeals for the Fourth Circuit (to which an appeal in this case would lie) has held that "a defendant is precluded [by collateral estoppel] from retrying issues [in a criminal information] necessary to his plea agreement in a later civil suit".  United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987); see also Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 75 (1964) ("a plea of guilty * * * is a conclusive judicial admission of all of the essential elements of the offense which the indictment charges").

The three Code sections involved in this collateral estoppel question are section 7201 (defining the crime of "attempt[ing] * * * to evade or defeat any tax"), section 6501(c)(1) (extending indefinitely the period of limitation for assessment of tax "[i]n the case of a false or fraudulent return with the intent to evade tax"), and section 6663(a) (imposing a civil penalty for underpayments "due to fraud").  Mr. Williams was previously convicted of "attempt[ing] * * * to evade or defeat" his income

tax liability for 1993 through 2000 (under section 7201), whereas the issues now before us are whether he filed "false or fraudulent return[s] with the intent to evade tax" (under section 6501(c)(1)), and whether he had tax underpayments "due to fraud" (under section 6663). Though the "evade or defeat" wording of the criminal statute does not include the "fraud" vocabulary of the two civil statutes, an evasion conviction establishes fraud. We have repeatedly held that "[a] taxpayer is collaterally estopped from denying civil tax fraud under * * * [the predecessor of section 6663] when convicted for criminal tax evasion under section 7201 for the same taxable year." DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), affd. 959 F.2d 16 (2d Cir. 1992).[5] Because Mr. Williams was convicted of tax evasion for 1993 through 2000, he is estopped from contesting the essential elements of criminal tax evasion with respect to tax years 1993 through 2000, which are "identical" to the elements of civil tax fraud. Uscinski v. Commissioner, T.C. Memo. 2006-200.

Mr. Williams does not dispute wholesale this operation of collateral estoppel in litigation under the Internal Revenue

---

[5]See also Amos v. Commissioner, 43 T.C. 50, 55 (1964), affd. 360 F.2d 358 (4th Cir. 1965); Arctic Ice Cream Co. v. Commissioner, 43 T.C. 68, 74-76 (1964). Because a conviction for criminal tax evasion under section 7201 conclusively establishes civil tax fraud under section 6663 in the same tax year, the unlimited statute of limitations of section 6501(c)(1) is also applicable. See DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), affd. 959 F.2d 16 (2d Cir. 1992); Amos v. Commissioner, supra at 55.

Code.  He concedes that his guilty plea and conviction collaterally estop him from contesting that he fraudulently underpaid his taxes sometime within 1993 to 2000, but he disputes that he is estopped from denying tax fraud for the entire period or for any given year therein.

2.    Mr. Williams's Arguments Against Collateral Estoppel Lack Merit.

Mr. Williams contends that his criminal conviction should estop him from denying only the generality that he committed tax fraud at some time within 1993 to 2000--not for every year in that period, nor even in any given year therein--because (he says):  (I) the District Court did not "actually and necessarily" determine, and the parties did not agree, that he committed criminal tax evasion in each and every one of the 8 tax years at issue, because he merely pleaded guilty to criminal tax evasion sometime within 1993 to 2000, not for the entire period or any given year therein; (ii) respondent relies on the contents of the superseding criminal information to invoke collateral estoppel, but Mr. Williams did not adopt the contents of the superseding criminal information or allocute to specific facts in his guilty plea that could estop him from denying criminal tax evasion in any given year; and (iii) the utility of ruling on whether he fraudulently underpaid his income taxes in any given year before determining the amount of tax evaded is negligible and does not materially advance the resolution of this case.

### a.   Tax Years Covered by the Guilty Plea

Mr. Williams alleges that the District Court did not (in the language of <u>Montana</u>) "actually and necessarily" determine--and the parties did not agree--that he committed criminal tax evasion in each and every one of the 8 tax years at issue.  Instead, Mr. Williams argues that he merely pleaded guilty to criminal tax evasion at some point within 1993 through 2000.

Mr. Williams properly cites <u>Montana v. United States</u>, <u>supra</u> at 153-154, for the proposition that collateral estoppel applies once an issue is "actually and necessarily" determined.  However, by accepting Mr. Williams's guilty plea and entering a judgment of conviction against him, the District Court did "actually and necessarily" determine that he committed criminal tax evasion in each tax year from 1993 through 2000.  The plain language of the tax evasion count of the superseding criminal information, to which Mr. Williams pleaded guilty and for which he was convicted, states:

> J. BRYAN WILLIAMS, <u>the defendant, unlawfully, willfully and knowingly did attempt to evade and defeat a substantial part of the income tax</u> due and owing by J. BRYAN WILLIAMS and his spouse to the United States of America <u>for the calendar years 1993 through 2000</u>".
> [Emphasis added.]

Mr. Williams personally and explicitly admitted his guilt with equivalent language, stating at his plea hearing: "I * * * believe that I am guilty of evading the payment of taxes for the tax years 1993 through 2000."  Thus, there is no question that,

when the court accepted his plea and found him guilty,
Mr. Williams was convicted of criminal tax evasion "for the
calendar years 1993 through 2000".

####  b.  Rejection of Superseding Criminal Information and Allocution to Specific Facts

If a defendant pleads guilty but denies particular
allegations in the indictment or criminal information, then it is
possible that collateral estoppel may not bind the defendant to
those denied allegations,[6] and Mr. Williams attempts to invoke
such an exception here.  He asserts that he did not allocute or
admit to any specific facts in the superseding criminal
information that could estop him from denying that he committed
criminal tax evasion in any of the 8 tax years at issue.
Instead, Mr. Williams argues that he merely pleaded guilty to
having committed criminal tax evasion at some point within the
span of 1993 through 2000, and that he denied the prosecutor's
particular allegations.  He bases this argument, in large part,
on two statements (quoted above) that his defense counsel made
about the conspiracy count at his plea hearing, to the effect

---

[6]See United States v. Tolson, 988 F.2d 1494, 1501 n.6 (7th
Cir. 1993) ("absent evidence that the defendant reserved the
issue in the plea, he may not challenge the facts in the
indictment and plea agreement") (citing United States v. Gilliam,
987 F.2d 1009, 1014 (4th Cir. 1993) ("a plea of guilty to an
indictment containing an allegation of the amount of drugs for
which a defendant is responsible may, in the absence of a
reservation by the defendant of his right to dispute the amount
at sentencing, constitute an admission of that quantity for
sentencing purposes")).

that "we're not adopting or accepting the facts as stated in the conspiracy count," and that "we are not adopting the facts that are stated in that [conspiracy] count."

Mr. Williams's plea agreement explicitly provides that he agreed to plead guilty to both counts of the superseding criminal information. Thus, the allegations in both counts of the superseding criminal information are arguably necessary to Mr. Williams's plea agreement, and he might be precluded here from retrying even the facts underlying the conspiracy count.

However, the facts most relevant here are not the facts of the conspiracy count but the facts of the tax evasion count. Even if Mr. Williams had sufficiently denied the facts of the conspiracy count so as to be free to dispute those facts in subsequent litigation, neither Mr. Williams nor his defense counsel denied in whole or in part the facts underlying the tax evasion count of the superseding criminal information, which charged him with criminal tax evasion. Both of the above statements that Mr. Williams cites as his denial of the contents of the superseding criminal information explicitly refer to the conspiracy count, and that count alone. Mr. Williams did not specifically deny any particular fact, allegation, or issue in the tax evasion count of the superseding criminal information at his plea hearing or otherwise. Thus, Mr. Williams is estopped from denying the contents of the tax evasion count, including the

charge that he "unlawfully, willfully and knowingly did attempt to evade and defeat a substantial part of the income tax due and owing by J. BRYAN WILLIAMS and his spouse to the United States of America for the calendar years 1993 through 2000". (Emphasis added.)

In fact, Mr. Williams did allocute to specific facts at his plea hearing that belie his claim that he denied that (or reserved whether) he committed criminal tax evasion in each and every one of the 8 tax years at issue. In response to the District Court judge's question as to "what he did", Mr. Williams stated (as is quoted above)--

- that he "received [income] from foreign sources during the years 1993 to 2000";

- that "the funds * * * and all the interest income were taxable income to me. However, [on] the calendar year tax returns for '93 through 2000, I chose not to report the income * * * to the Internal Revenue Service in order to evade substantial taxes owed thereon"; and

- that he was "guilty of evading the payment of taxes for the tax years 1993 through 2000."

c.   Utility of Resolving Tax Fraud Issue

Respondent has moved only for partial summary judgment. Respondent requests a holding that Mr. Williams committed fraud but defers the question of the amount of his liability. Mr. Williams argues that it serves little or no purpose for this Court to rule on whether an underpayment in any of the tax years at issue is due to fraud before it has determined the amount, if

any, of such underpayment. He argues that "the utility of such a ruling is negligible and not worth the time and resources of the Court and counsel", because "it does not materially advance the litigation, nor does it narrow the issues." However, a holding on whether Mr. Williams committed fraud does narrow the issues before this Court, and we have previously ruled on the fraud issue before resolving the amount of the underpayment in other tax fraud cases. See, e.g., <u>Uscinski v. Commissioner</u>, T.C. Memo. 2006-200.

Therefore, we hold that respondent has shown that he is entitled to summary judgment with respect to the issue of whether collateral estoppel applies to establish civil tax fraud in each tax year from 1993 through 2000. We hold that the statute of limitations does not bar assessment of Mr. Williams's tax liability for those years, and that he will be liable for the fraud penalty. However, the issue of the <u>amounts</u> of the deficiencies of tax and penalties for 1993 through 2000, and the issue of accuracy-related penalties, remain for trial.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.