T.C. Memo. 2010-247

UNITED STATES TAX COURT

PHU M. AND YVONNE D. AU, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16366-09.                  Filed November 10, 2010.

Phu M. and Yvonne D. Au, pro sese.

Anna A. Long, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a $5,783 deficiency in
petitioners' Federal income tax for 2006 and a $1,156.60 penalty
under section 6662(a).  The deficiency and penalty resulted from
disallowance of gambling losses claimed to offset other income of
petitioners.  All section references are to the Internal Revenue
Code (Code) in effect for 2006.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in California at the time the petition was filed.

On their jointly filed Form 1040, U.S. Individual Income Tax Return, for 2006, petitioners reported adjusted gross income of $83,041. On Schedule A, Itemized Deductions, they deducted gambling losses totaling $40,488 as "Other Miscellaneous Deductions". Petitioners did not report any gambling winnings, and they had no gambling winnings during 2006.

Petitioners' 2006 Federal tax return was prepared using H&R Block's software known as TaxCut.

## OPINION

Section 165(d) provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Petitioners acknowledge that they had no gains from their gambling activities during 2006. Therefore they are not entitled to deduct the losses that they claimed.

Section 6662(a) and (b)(1) and (2) imposes a 20-percent accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations or substantial understatement of income tax. Section 6662(c) defines negligence as including any failure to

make a reasonable attempt to comply with the provisions of the Code and defines disregard as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. An underpayment is substantial if the understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Considering the erroneous nature of the deduction and the amount of the resulting underpayment of tax, respondent has satisfied the burden of producing evidence that the penalty is appropriate. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 448-449 (2001).

An exception to the penalty under section 6662(a) applies in cases where there was reasonable cause for any portion of the underpayment and the taxpayer acted in good faith. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess such taxpayer's proper tax liability, the knowledge and the experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income

Tax Regs.  Petitioners have the burden of showing reasonable cause.  See Higbee v. Commissioner, supra at 446-447.

Petitioners contend that they followed the instructions on the tax preparation software that they used in preparing their 2006 tax return, asserting that the software was "approved by the IRS".  They indicate that they were unaware of the provisions of the Code and that they did not consult any Internal Revenue Service (IRS) publications or professional tax advisers before claiming deductions equaling almost half of their reported income in 2006.  The software instructions are not in the record, so we cannot determine how the error occurred.  We doubt that the instructions, if correctly followed, permitted a result contrary to the express language of the Code.  Petitioners may have acted in good faith but made a mistake.  In the absence of evidence of a mistake in the instructions or a more thorough effort by petitioners to determine their correct tax liability, we cannot conclude that they have shown reasonable cause for the underpayment of tax on their 2006 return.

Petitioners ask the Court to consider correspondence exchanged between them and various representatives of the IRS before trial, in which an IRS representative offered to concede the penalty.  Petitioners declined the concession, because they also sought relief from the interest accruing on the underpayment and to have the deficiency reduced.  In this proceeding, however,

we have no jurisdiction over interest that has not been assessed. See generally sec. 6404; <u>Williams v. Commissioner</u>, 131 T.C. 54, 55-56 (2008). The correspondence between petitioners and the IRS representatives, therefore, is not relevant to the issues that we decide.

Petitioners have also referred to their inability to pay the amounts owing as a result of our rulings here. Their claimed financial hardship can be raised in a proceeding commenced under section 6330 only if and when collection efforts are made and a notice of determination sustaining collection efforts is sent to them. Ability to pay is also not relevant in this case.

Finally, with the notice of trial, sent 5 months before the trial date, and at the call of the calendar, petitioners, as pro se taxpayers, were offered the opportunity to confer with volunteer attorneys to discuss the case and to consider the possibility of negotiated settlement, without charge to petitioners. They did not take advantage of the opportunities when offered and sought delay to consult an attorney only after the Court announced the impending resolution of the case against them. Thus they gave up the possibility of pretrial settlement, with possible savings to themselves, and prolonged the period in which interest is accruing. The variety of services offered by volunteer attorneys frequently results in negotiated settlements. It is unfortunate when those who could benefit from the

assistance offered by such attorneys do not take advantage of it. After a case has been tried and the result stated, the opportunity no longer exists.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.