# United States Tax Court

163 T.C. No. 7

STEPHEN C. JENNER AND JUDY A. JENNER,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 8903-23.                                      Filed October 22, 2024.

————————

R assessed Foreign Bank Account Reporting (FBAR) penalties against Ps. Treasury's Bureau of the Fiscal Service informed Ps that funds would be withheld from their monthly Social Security benefits to satisfy their debts. Ps requested a collection due process (CDP) hearing. R denied Ps' request for a CDP hearing because the FBAR penalties assessed against them were not taxes and not subject to the requirements of I.R.C. § 6330. Ps filed a Petition contending that R deprived them of their CDP rights. R moved to dismiss the case for lack of jurisdiction.

*Held*: FBAR penalties are not taxes imposed by the Internal Revenue Code and thus are not subject to the requirements of I.R.C. §§ 6320 and 6330.

*Held, further*, this Court lacks jurisdiction.

————————

*Steven Ray Mather*, for petitioners.

*Tiffany A. Loewenstein, Gabriel H. Kim*, and *Michael K. Park*, for respondent.

OPINION

FOLEY, *Judge*:  The sole issue for decision is whether Foreign Bank Account Reporting (FBAR) penalties are subject to the requirements of sections 6320 and 6330.[1]

*Background*

Petitioners, Stephen C. Jenner and Judy A. Jenner, were assessed FBAR penalties pursuant to 31 U.S.C. § 5321 relating to 2005 through 2009 for an alleged failure to timely file foreign bank account reports. In a letter dated November 9, 2022, the Department of the Treasury's (Treasury) Bureau of the Fiscal Service (BFS) informed petitioner Judy Jenner that the Treasury Offset Program (TOP) would withhold funds from her monthly Social Security benefits. In a nearly identical letter dated November 16, 2022, BFS informed petitioner Stephen Jenner that TOP would also withhold funds from his Social Security benefits. These letters directed petitioners to contact BFS's Debt Management Servicing Center (DMSC) to prevent the collection activity.

Petitioners each requested collection due process (CDP) hearings relating to the FBAR penalties assessed against them by submitting, to DMSC, identical Forms 12153, Request for a Collection Due Process or Equivalent Hearing, dated December 7, 2022. Subsequently, in a letter dated April 6, 2023, petitioners asked the Internal Revenue Service's (IRS) BSA/CTR Operations Center whether it had received petitioners' CDP requests. The IRS, in a letter dated May 11, 2023, notified petitioners that they did not qualify for a CDP hearing because the FBAR penalties assessed against them were not taxes and not subject to the requirements of section 6330.

On June 5, 2023, petitioners, while residing in Florida, filed their Petition alleging that they were denied their CDP rights pursuant to section 6330. On July 19, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction and contended that the collection of FBAR penalties is not subject to the notice and other requirements of section 6330.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

*Discussion*

The FBAR penalties at issue are authorized and imposed by Title 31, Money and Finance, of the United States Code. *See generally* 31 U.S.C. § 5311. Title 31 U.S.C. § 5314(a) provides that each U.S. person must "keep records, file reports, or keep records and file reports, when the resident, citizen, or person makes a transaction or maintains a relation for any person with a foreign financial agency." Accordingly, any person that meets the above definition must file Financial Crimes Enforcement Network (FinCEN) Form 114, Report of Foreign Bank and Financial Accounts (FBAR), with FinCEN on or before June 30 of the year following the calendar year for which the financial account is maintained. *See, e.g.*, 31 C.F.R. §§ 1010.350(a), 1010.306(c) (2023). The Secretary of the Treasury (Secretary) may impose a civil penalty on any person who fails to file the requisite form. 31 U.S.C. § 5321(a)(5)(A).

The Secretary has delegated to FinCEN the authority to enforce the provisions and impose civil penalties for violations of 31 U.S.C. § 5314. *See* 31 C.F.R. § 1010.810(d) (2023). FinCEN subsequently redelegated this authority to the IRS. *See* 31 C.F.R. § 1010.810(g); *see also* Delegation Order 25-13, Internal Revenue Manual 1.2.2.15.13 (Mar. 8, 2022). Notwithstanding this redelegation, Title 31 and its accompanying regulations govern how FBAR penalties are assessed and collected. Title 31 U.S.C. § 5321(b)(1) grants the Secretary the authority to assess FBAR penalties. Upon assessment, FBAR penalties become a nontax debt to the United States, and, once that debt has been delinquent for more than 180 days, the Secretary may refer the debt to an executive agency to take appropriate collection action. *See* 31 U.S.C. § 3711(g)(1), (4); *see also* 31 U.S.C. § 3701(a)(8) (providing that a nontax debt is any debt or claim other than a debt or claim pursuant to the Internal Revenue Code). Title 31 U.S.C. § 3716 grants executive agencies the authority to collect outstanding debts through administrative offsets and provides the notice and other requirements that must be followed prior to collection. *See also* 31 U.S.C. § 3701(d)(1) (providing that 31 U.S.C. § 3716 does not apply to a claim or debt pursuant to the Internal Revenue Code). Title 31 U.S.C. § 5321(b)(2) provides that the Secretary may commence a civil action to recover FBAR penalties. *See* 31 C.F.R. § 5.16(b) (2023) (providing that Treasury may refer delinquent debts to the Department of Justice for litigation).

The Tax Court is a court of limited jurisdiction and may exercise jurisdiction only to the extent authorized by Congress. *See* § 7442; *see also Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Section

6330(d)(1) provides that a taxpayer "may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." This Court has consistently held that jurisdiction pursuant to section 6330(d)(1) is contingent on the issuance of a valid notice of determination. *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). The Court has further explained that "a taxpayer may only file a petition for review with this Court where the administrative determination concerns a tax over which the Court generally has jurisdiction." *Id.*; *see also Lunsford v. Commissioner*, 117 T.C. 159, 164 (2001).

Petitioners contend that the letter they received from the IRS notifying them that they did not qualify for a CDP hearing provided the requisite determination pursuant to section 6330(d)(1) to invoke this Court's jurisdiction; "nothing in I.R.C. § 6330 limits the CDP procedures to Title 26 liabilities;" the administrative offsets on their Social Security benefits are "levies by the Secretary" that entitled them to a CDP hearing; and there is no "rational distinction" between levies by the Secretary to collect Title 26 liabilities and levies to collect FBAR penalties. They conclude that "the CDP procedures in I.R.C. § 6330 apply to any type of liability . . . to the extent the Secretary files a lien or intends to levy."

These contentions are specious.

A necessary component of any determination made pursuant to section 6330 is that it relate to an unpaid tax. *See* § 6320(a)(3)(A) ("The notice required under paragraph (1) shall include in simple and nontechnical terms . . . *the amount of unpaid tax . . . .*" (Emphasis added.)); *see also* § 6330(a)(1) ("Such notice shall be required only once for the taxable period to which *the unpaid tax specified* in paragraph (3)(A) relates." (Emphasis added.)). We have previously explained that the tax making up the underlying liability is the amount "a taxpayer owes pursuant to the tax laws that are the subject of the Commissioner's collection activities." *Mason v. Commissioner*, 132 T.C. 301, 316 (2009) (quoting *Callahan v. Commissioner*, 130 T.C. 44, 49 (2008)). "The statutes creating the 'collection due process' procedures, and the statutes creating the lien and levy collection mechanisms reviewed by those procedures, all explicitly pertain to 'tax' . . . ." *See Williams v. Commissioner*, 131 T.C. 54, 59 (2008) (holding that FBAR penalties are not subject to the deficiency procedures because no notice of deficiency

is authorized or required prior to assessment pursuant to sections 6212 and 6213).

FBAR penalties are not imposed by the Internal Revenue Code, and, as a result, they are not "taxes." Section 6201(a) provides:

> The Secretary is authorized and required to make the inquiries, determinations, and assessments of *all taxes* (including interest, additional amounts, additions to the tax, and assessable penalties) imposed *by this title* [i.e., Title 26, the Internal Revenue Code] . . . .

(Emphasis added.) Because FBAR penalties are not imposed pursuant to Title 26, they "are not subject to the various statutory cross-references that equate 'penalties' with 'taxes.'" *Mendu v. United States*, 153 Fed. Cl. 357, 365 (2021) (holding that FBAR penalties are not subject to the *Flora v. United States*, 362 U.S. 145 (1960), full-payment rule because they are not taxes); *see, e.g.*, §§ 6665(a)(2), 6671(a). In addition, nothing in 31 U.S.C. § 5321(a) provides that an FBAR penalty is deemed a tax or that it is required to be assessed or collected "in the same manner as a tax." *See* §§ 6665(a)(1), 6671(a).

Because an FBAR penalty is not a tax, neither section 6321 nor section 6331 applies to petitioners, and therefore, no lien or levy to collect these penalties is authorized. Section 6320(a)(1) provides that "[t]he Secretary shall notify in writing the person described in section 6321." The person described in section 6321 is any person "liable to pay any tax" who "neglects or refuses to pay the same after demand." Section 6330(a)(1) provides that "[n]o levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing." "The person described in section 6330(a)(1) is the same person described in section 6331(a)—i.e., the person liable to pay the tax due after notice and demand who refuses or neglects to pay (referred to here as the taxpayer)." Treas. Reg. § 301.6330-1(a)(3), Q&A-A1. "The collection mechanism authorized in the FBAR statute itself is not lien or levy but 'a civil action to recover a civil penalty.'" *Williams*, 131 T.C. at 59 n.6 (quoting 31 U.S.C. § 5321(b)(2)).

In short, Title 31 expressly provides the assessment and collection procedures for FBAR penalties, and there is no statutory, regulatory, or judicial authority providing that these penalties are subject to sections 6320 and 6330. "[T]he rights afforded by the CDP statutes apply only to those people subject to IRS actions to collect 'tax.'" *Ryckman v.*

*Commissioner*, No. 750-21L, 163 T.C., slip op. at 11 (Aug. 1, 2024). FBAR penalties are not taxes. Accordingly, the IRS was under no obligation to provide petitioners with a CDP hearing.

To reflect the foregoing,

*An order of dismissal for lack of jurisdiction will be entered.*