T.C. Memo. 2013-274

UNITED STATES TAX COURT

BOHDAN SENYSZYN AND KELLY L. SENYSZYN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9721-11.                          Filed December 2, 2013.

Bohdan Senyszyn and Kelly L. Senyszyn, pro se.

<u>Marco Franco</u> and <u>Lydia A. Branche</u>, for respondent.

MEMORANDUM OPINION

HALPERN, <u>Judge</u>:  By notice of deficiency dated February 15, 2011

(notice), respondent determined a deficiency in petitioners' 2003 Federal income

tax of $81,746 together with a fraud penalty of $61,310 and an accuracy-related

[*2] penalty of $16,349.[1]  Petitioners have assigned error to those determinations, and, in partial response, respondent relies on the affirmative defense of collateral estoppel, based on Mr. Senyszyn's 2008 conviction for tax evasion.  Respondent moves for partial summary adjudication that (1) petitioners are estopped from denying that during 2003 Mr. Senyszyn received unreported income of $252,726, (2) petitioners are estopped from denying that the fraud penalty applies for 2003, and (3) the period of limitations on assessment and collection of tax remains open.  For the reasons stated below, we will grant in part and deny in part respondent's motion (motion).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 2003, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All dollar amounts have been rounded to the nearest dollar.

We may grant summary judgment with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or

---

[1]Respondent determined the fraud penalty only with respect to petitioner husband (Mr. Senyszyn), and he determined the accuracy-related penalty with respect to both petitioners but, with respect to Mr. Senyszyn, only as an alternative to the fraud penalty.

[*3] declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b). The moving party bears the burden of proving that no genuine dispute as to any material fact exists, and we will draw any factual inferences in the light most favorable to the nonmoving party. See, e.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010) (citing Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985)). In response to a properly supported motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d).

## Background

The following facts are gathered from the pleadings, the motion, respondent's declaration in support of the motion, respondent's memorandum of law in support of the motion, petitioners' objection, petitioners' declaration in support of the objection, and other items constituting the record.

Petitioners, husband and wife, resided in New Jersey at the time the petition was filed.

**[*4]** During 2003, Mr. Senyszyn was employed as a revenue agent in the Internal Revenue Service's (IRS) Large and Mid-Size Business Division. In that capacity, Mr. Senyszyn was responsible for examining and investigating complex tax returns filed by large corporations. Among other things, Mr. Senyszyn's duties as a revenue agent included recognizing indicators of fraudulent activity. In 2007, respondent removed Mr. Senyszyn from his position as a revenue agent after he pleaded guilty in Federal District Court to filing false returns as an IRS agent, tax evasion, structuring evasive financial transactions, and bank fraud. See Senyszyn v. Dep't of Treasury, 465 Fed. Appx. 935 (Fed. Cir. 2012).

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2003. On that return, petitioners reported wages of $78,116, gross receipts of $25,850 on Schedule C, Profit or Loss From Business, and gross receipts of $1,200 on Schedule F, Profit or Loss From Farming. Petitioners did not report gross income from any other sources on their return, nor did they otherwise disclose any other sources of income on the return or on a statement attached to the return.

Mr. Senyszyn was the defendant in a criminal case, United States v. Senyszyn, No. 2:06-CR-0311-01 (D.N.J. filed Apr. 13, 2006), brought in the U.S. District Court for the District of New Jersey. On September 20, 2007, the U.S.

**[*5]** Attorney for the District of New Jersey filed a superseding information in that case, which set forth the following charge against him:

COUNT TWO
TAX EVASION

1. The allegations contained in paragraphs 1 through 10 of Count One of this Superseding Information are repeated, realleged, and incorporated by reference as though fully set forth herein.

2. During the calendar year 2003, defendant BOHDAN SENYSZYN embezzled taxable income from the sale of real estate owned by DH that was in addition to the income paid to him as salary and wages by the IRS. Specifically, defendant BOHDAN SENYSZYN embezzled approximately $252,726.00 from the November 19, 2003 sale of DH-owned property in Andover Township identified as Lot 72, which was sold for $351,000.00.

3. On or about January 29, 2004, defendant BOHDAN SENYSZYN prepared, co-signed, and filed a United States Individual Income Tax Return, Form 1040, for himself and his wife, who also signed the return. That joint return declared $78,115.80 in wages and salaries as their only income, and stated that the amount of tax due and owing was $0.

4. The return did not include about $252,726.00 in additional taxable income that defendant BOHDAN SENYSZYN embezzled in 2003 from the sale of Lot 72. Upon this additional income, an additional tax of about $85,016.27 was due and owing to the United States.

5. On or about January 29, 2004, in the District of New Jersey, and elsewhere, defendant BOHDAN SENYSZYN knowingly and willfully did attempt to evade and defeat a substantial part of the income tax due and owing by him to the United States for the calendar year 2003 in that he signed, filed and caused to be filed a false and

**[\*6]** fraudulent United States Individual Income Tax Return, Form 1040, as described in paragraph 3, knowing it to be false and fraudulent as described in paragraph 4. In violation of Title 26, United States Code, Section 7201.

Contemporaneous with the U.S. attorney's filing the superseding information, Mr. Senyszyn signed a plea agreement with him, in which Mr. Senyszyn agreed to plead guilty to the above-set-forth count 2 (i.e., "tax evasion for [the] tax year 2003 in violation of sec. 7201"). He agreed to stipulate at sentencing: "BOHDAN SENYSZYN knowingly and willfully did not include about $252,726.00 in additional taxable income that he acquired in 2003. Upon this additional income, an additional tax of about $85,016.27 was due and owing to the United States."

On September 20, 2007, Mr. Senyszyn entered a plea of guilty to all of the charges set forth in the superseding information, including the charge of tax evasion. During the plea colloquy, Mr. Senyszyn was asked whether he was pleading guilty to the crimes listed in the superseding information because he was, in fact, guilty. He responded, "Yes, I am."

Mr. Senyszyn subsequently moved to withdraw his guilty plea, asserting his innocence as to whether a tax was actually due on the money he failed to report in 2003. The District Court denied the motion, and on February 25, 2008, it entered

**[\*7]** judgment pursuant to the plea.  Mr. Senyszyn appealed the denial of his motion to withdraw the guilty plea, and the U.S. Court of Appeals for the Third Circuit affirmed the denial.  See United States v. Senyszyn, 338 Fed. Appx. 201 (3d Cir. 2009).  Mr. Senyszyn filed a motion to vacate, set aside, or correct his sentence, and that motion was denied, as well.  See Senyszyn v. United States, No. 2:09-cv-6120 (D.N.J. filed Dec. 3, 2009).  He did not file a direct appeal of his criminal sentence, and his conviction has become final.

Following Mr. Senyszyn's criminal conviction, respondent examined petitioners' 2003 Federal income tax return for the purpose of determining any deficiency in tax.  The notice followed, respondent making a positive adjustment to petitioners' gross income on account of unreported income of $252,726.

## Discussion

I.    Collateral Estoppel

A.    Introduction

Under the doctrine of collateral estoppel, or issue preclusion, once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."  Montana v. United States, 440 U.S. 147, 153 (1979) (citing Parklane Hosiery Co. v. Shore, 439

[*8] U.S. 322, 326 n.5 (1979)).  Collateral estoppel is a judicially created equitable doctrine the purposes of which are to protect parties from unnecessary and redundant litigation, to conserve judicial resources, and to foster certainty in and reliance on judicial action.  See, e.g., id. at 153-154; Estate of Chemodurow v. Commissioner, T.C. Memo. 2001-14, 2001 WL 55774, at *7.  Before the application of collateral estoppel in the context of a factual dispute, the following conditions must be satisfied:  (1) the issue in the second suit must be identical in all respects with the one decided in the first suit; (2) there must be a final judgment rendered by a court of competent jurisdiction; (3) collateral estoppel may be invoked against parties and their privies to the prior judgment; (4) the parties must have actually litigated the issues and the resolution of these issues must have been essential to the prior decision; and (5) the controlling facts and applicable legal rules must remain unchanged from those in the prior litigation.  Peck v. Commissioner, 90 T.C. 162, 166-167 (1988), aff'd, 904 F.2d 525 (9th Cir. 1990).

Even if the Peck requirements are satisfied, however, we have broad discretion to determine when collateral estoppel should apply, and we may refuse to apply it where, for instance, it is to be applied offensively, and the party against whom it is applied had little incentive to defend in the first action or where the second action affords the party procedural opportunities unavailable in the first

[*9] action that could readily cause a different result.  See Parklane Hosiery Co.,

439 U.S. at 330-331; see also McQuade v. Commissioner, 84 T.C. 137, 143 (1985).

      B.     Application

          1.     Unreported Income

Respondent argues that Mr. Senyszyn's conviction for tax evasion precludes

petitioners from denying that Mr. Senyszyn received $252,726 of unreported

income in 2003.  Relying on Anderson v. Commissioner, 698 F.3d 160 (3d Cir.

2012), aff'g T.C. Memo. 2009-44, respondent asserts that "a defendant's admission

in a guilty plea for tax evasion that he failed to report a specific amount of income

on his tax return precludes the defendant from contesting that such amount is

taxable to him in a later proceeding."  Respondent argues that Mr. Senyszyn's

stipulation in his criminal tax proceeding that he "knowingly and willfully did not

include about $252,726.00 of additional taxable income that he acquired in 2003"

precludes him from challenging the deficiency amount.

We disagree.  Although the existence of an underpayment in tax is a

necessary element of tax evasion under section 7201, the determination of an exact

liability evaded is not.  See, e.g., Moore v. United States, 360 F.2d 353, 356-357

(4th Cir. 1965); see also Ferguson v. Commissioner, T.C. Memo. 2004-90, 2004

WL 605224, at *7.  Even where the taxpayer has stipulated a specific amount of

**[\*10]** underpayment in a guilty plea, such stipulation--though strong evidence of the deficiency amount--does not collaterally estop the taxpayer from challenging that amount in a subsequent civil proceeding. See, e.g., Ferguson v. Commissioner, 2004 WL 605224, at \*7; see also Livingston v. Commissioner, T.C. Memo. 2000-121, 2000 WL 352439, at \*5.

Respondent's reliance on Anderson v. Commissioner, 698 F.3d 160, is misplaced. In Anderson, the Court of Appeals for the Third Circuit reasoned that because the taxable nature of income generated by one of the taxpayer's companies was necessary to establish the taxpayer's conviction under section 7201, the taxpayer's conviction did hinge on the question of whether the income was taxable. Id. at 165. Therefore, the taxpayer was collaterally estopped from arguing that that income was not taxable to him in a subsequent civil tax fraud proceeding. Id. The Court of Appeals then determined the specific amount of the deficiency; but that determination relied not on the preclusive effect of the taxpayer's conviction, but on stipulations filed with the Tax Court during the course of the deficiency proceedings. Id.

The specific amount of the unreported income was not an essential element of Mr. Senszyn's tax evasion conviction. Accordingly, Mr. Senyszyn's stipulation

**[*11]** in his criminal tax proceeding does not collaterally estop him from challenging respondent's adjustment for unreported income in this civil proceeding.

　　　　2.　　Section 6663(a) Fraud Penalty

Section 6663(a) provides: "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." Respondent bears the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); see also Rule 142(b). To satisfy that burden, respondent must show: (1) an underpayment exists; and (2) Mr. Senyszyn intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes. E.g., Sadler v. Commissioner, 113 T.C. 99, 102 (1999).

A conviction for tax evasion pursuant to section 7201, either upon a guilty plea or upon a jury verdict, conclusively establishes fraud in a subsequent civil tax fraud proceeding through the doctrine of collateral estoppel. E.g., DiLeo v. Commissioner, 96 T.C. 858, 885 (1991), aff'd, 959 F.2d 16 (2d Cir. 1992); Marretta v. Commissioner, T.C. Memo. 2004-128, 2004 WL 1172873, at *4, aff'd, 168 Fed. Appx. 528 (3d Cir. 2006). That is because the elements of criminal tax evasion and civil tax fraud are virtually identical. See, e.g., Anderson v. Commissioner, 698

**[\*12]** F.3d at 164; <u>Williams v. Commissioner</u>, T.C. Memo. 2009-81, 2009 WL 1033354, at \*6.

Mr. Senyszyn pleaded guilty to tax evasion under section 7201 for 2003, and that judgment has become final. Petitioners do not deny the conviction, but raise a number of objections to the application of collateral estoppel. Petitioners' arguments that the notice was based on a report prepared by the IRS Criminal Investigation Division while pursuing an indictment under section 7206(1), a charge that was apparently dropped by the time Mr. Senyszyn entered his guilty plea, are without merit. We do not look behind a notice of deficiency to examine the evidence used, the propriety of the Commissioner's motives, or administrative policy or procedure used in making that determination. <u>Cadwell v. Commissioner</u>, 136 T.C. 38, 48-49 (2011) (citing <u>Greenberg's Express Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974)), <u>aff'd</u>, 483 Fed. Appx. 847 (4th Cir. 2012). Moreover, petitioners' claim, even if true, has no bearing on whether the conviction for tax evasion under section 7201 conclusively establishes that Mr. Senyszyn underpaid his 2003 tax liability with fraudulent intent.

Similarly, petitioners' objections that Mr. Senyszyn was not convicted of "embezzlement" are irrelevant to whether his conviction under section 7201 collaterally estops him from contesting the civil tax fraud penalty. At issue is only

[*13] whether an underpayment existed for 2003 and whether petitioner possessed the requisite fraudulent intent with respect to that underpayment. Such elements were established by petitioner's criminal conviction. The source of that income, to the extent that it does not affect its taxable nature, is irrelevant for our purposes.

Petitioners' argument that all of the parties to the previous action must be present for collateral estoppel to attach is without merit. Petitioners direct us to no case establishing such a requirement, and we are aware of none. Moreover, it is clear that, as between respondent and Mr. Senyszyn, there is an identity of parties in this case and in the criminal case, respondent being in privity with the United States (the plaintiff in the criminal case). E.g., Shaheen v. Commissioner, 62 T.C. 359, 364 (1974).

Accordingly, petitioners are precluded from challenging respondent's determination that Mr. Senszyn underpaid his tax for the 2003 tax year and that he filed a false and fraudulent Federal income tax return with the requisite fraudulent intent. Mr. Senyszyn is therefore liable for the section 6663(a) fraud penalty for that year. As with the deficiency, however, the issue of the amount of that penalty remains for trial. See sec. 6663(b).

**[*14]** II.    <u>Period of Limitations</u>

Section 6501(a) provides, generally, that the amount of any tax must be assessed within three years of the filing of a return.  Section 6501(c)(1), however, provides that "[i]n the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed * * * at any time."  The determination of fraud for purposes of section 6501(c)(1) is the same as the determination of fraud for the purposes of the penalty under section 6663.  <u>Neely v. Commissioner</u>, 116 T.C. 79, 85 (2001).  In the case of income tax deficiencies on joint returns, proof of fraud against either spouse prevents the running of the period of limitations as to both spouses.  <u>Vannaman v. Commissioner</u>, 54 T.C. 1011, 1018 (1970); <u>Evans v. Commissioner</u>, T.C. Memo. 2010-199, 2010 WL 3564727, at *5, <u>aff'd</u>, 507 Fed. Appx. 645 (9th Cir. 2013).

Because we have determined that Mr. Senyszyn filed a fraudulent return for 2003, the period for assessment remains open.

III.    <u>Conclusion</u>

Respondent has shown that he is entitled to summary judgment with respect to the issue of whether collateral estoppel applies to establish Mr. Senyszyn's liability for civil tax fraud for the 2003 tax year, and we hold accordingly.  We further hold that the statute of limitations does not bar assessment of petitioners' tax

**[\*15]** liability for that year.  The issues of the amounts of the deficiency in tax and the penalties for 2003 remain for trial.

To reflect the foregoing,

<u>An appropriate order will be issued</u>.