# United States Tax Court

T.C. Memo. 2023-137

DON L. ROCKAFELLOR AND KATHLEEN M. ROCKAFELLOR,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 15566-22L.                    Filed November 14, 2023.

————

Don L. Rockafellor and Kathleen M. Rockafellor, pro sese.

*Zachary B. Friedman* and *Alicia E. Elliott*, for respondent.


## MEMORANDUM OPINION

GREAVES, *Judge*: In this collection due process (CDP) case, petitioners seek review pursuant to sections 6320(c) and 6330(d) of the determinations by the Internal Revenue Service (IRS or respondent) to uphold notices of federal tax lien filing and notices of intent to levy related to income tax liabilities for tax years 2012 through 2015 and a tax return preparer penalty under 6694(b) for tax year 2011.[1] Petitioners also ask the Court to consider other matters and tax years not considered in the attached notices of determination. Respondent filed a Motion to Dismiss for Lack of Jurisdiction for the claims asserted in the petition but not reflected in the notices of determination. Respondent also moved for summary judgment under Rule 121 for the remaining issues, contending that there are no disputed issues of

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] material fact and that his determinations to sustain the collection actions were proper as a matter of law.  For the reasons set forth below, we will grant both motions.

*Background*

The following facts are based on the parties' pleadings and motion papers, the attached declarations and exhibits, and the administrative record.  *See* Rule 121(c).  Petitioners resided in California when the petition was timely filed.

I.     *Prior Deficiency and CDP Cases*

Respondent selected petitioners' federal income tax returns for tax years 2007 through 2010[2] and 2012 through 2015 for examination and determined deficiencies, additions to tax, and/or penalties for each of these years.[3]  Petitioners timely filed petitions for redetermination with this Court.  Each deficiency case ended in a stipulated decision, and respondent assessed the tax as shown on the stipulated decisions.  In addition to the income tax deficiencies, respondent assessed tax return preparer penalties under section 6694(b) against petitioner husband (Don) for tax years 2011, 2012, and 2013.  Petitioners failed to pay any of these liabilities, and respondent began collection activities.  This Opinion will refer to Notice CP90, Final Notice–Notice of Intent to Levy and Notice of Your Right to a Collection Due Process Hearing, as "levy notice" and Letter 3172, Notice of Federal Tax Lien Filing and Your Rights to a Hearing under IRC 6320, as "lien notice."

Respondent's first round of collection activities occurred in 2017 and 2018.  Respondent issued the following notices:

---

[2] Petitioners did not file an income tax return for tax year 2010.  For the 2010 tax year, respondent prepared a separate substitute for return for each petitioner, listing their filing status as married filing separately.  Respondent issued a separate notice of deficiency to each petitioner, and each petitioner petitioned this Court separately for redetermination.

[3] This Opinion will refer to income tax deficiencies, additions to tax, and penalties as "income tax liabilities."

| [*3] Tax Year | Underlying Liability | CDP Notice | Taxpayer |
|---|---|---|---|
| 2007–2009 | Income tax deficiencies | Levy notice | Both |
| 2010 | Income tax deficiencies | Levy notice | Don |
| 2010 | Income tax deficiencies | Lien notice | Kathleen |
| 2010 | Income tax deficiencies | Levy notice | Kathleen |
| 2011 | Preparer penalty | Levy notice | Don |
| 2012–2013 | Preparer penalties | Lien notice | Don |

Petitioners timely submitted Forms 12153, Request for a Collection Due Process or Equivalent Hearing, for all collection activities, excluding the notices related to Kathleen's 2010 income tax liability.[4] The Appeals Office[5] sustained the collection activities and issued notices of determination. Petitioners timely petitioned for review of the notices of determination with this Court. We entered stipulated decisions in these cases, sustaining the collection activities, with the exception of the notice of determination relating to Don's 2011 preparer penalty. Regarding this notice of determination, we entered a stipulated decision that did not sustain respondent's collection activity related to this penalty. The parties' agreement attached to the stipulated decision provided that the penalties would be abated for failure to comply with the supervisor approval requirement of section 6751(b):

---

[4] As for Kathleen's notices related to her 2010 income tax liability, the IRS Office of Appeals (Appeals Office) granted her an equivalency hearing. The Appeals Office sustained the lien filing and issued Kathleen a decision letter. Petitioners included the decision letter in their subsequent petition for review with this Court. We dismissed the claim for lack of jurisdiction.

[5] This office is now referred to as the Independent Office of Appeals. *See* Taxpayer First Act, Pub. L. No. 116-25, § 1001, 133 Stat. 981, 983 (2019).

**[\*4]** It is further stipulated that the liability was abated without prejudice to respondent's right to reassess the civil penalties under I.R.C. § 6694(b) for the taxable year 2011 pursuant to the procedures prescribed in the Internal Revenue Code, to the extent permitted by law.

After the abatement, respondent re-examined Don's 2011 preparer penalty and proposed an assessment of $90,000. The 2011 preparer penalty was approved in writing by the revenue agent's immediate supervisor, and respondent mailed to Don Letter 1125, Report of Tax Preparer Penalties, which explained his rights to a preassessment conference with the Appeals Office. Don requested the preassessment conference, and he argued that respondent was precluded by the prior Tax Court decision from reassessing the penalty and that the period of limitations for assessment had expired. The Appeals Office sustained the proposed preparer penalty, and respondent assessed the penalty.

II.    *Subsequent CDP Notices*

Respondent issued additional lien and levy notices in three series. Respondent issued the following levy notices in 2020 (2020 Notices):

| Tax Year | Underlying Liability | CDP Notice | Taxpayer |
|----------|----------------------|------------|----------|
| 2011 | Preparer penalty | Levy notice | Don |
| 2012–2013 | Income tax deficiencies | Levy notice | Both |
| 2012–2013 | Income tax deficiencies | Levy notice | Don |

Respondent issued the following lien notices in January 2021 (January 2021 Notices):

| [*5] Tax Year | Underlying Liability | CDP Notice | Taxpayer |
|---|---|---|---|
| 2007–2009 | Income tax deficiencies | Lien notice | Both |
| 2007, 2009–2010 | Income tax deficiencies | Lien notice | Don |
| 2012 | Preparer Penalty | Lien notice | Don |
| 2013 | Preparer Penalty | Lien notice | Don |

Finally, respondent issued the following notices related to petitioners' 2014 and 2015 tax years in August 2021 (August 2021 Notices):

| Tax Year | Underlying Liability | CDP Notice | Taxpayer |
|---|---|---|---|
| 2014–2015 | Income tax deficiencies | Lien notice | Both |
| 2014–2015 | Income tax deficiencies | Levy notice | Both |

III.   *CDP Hearing Requests*

Petitioners submitted three Forms 12153. They timely filed their first request for a CDP hearing in response to the 2020 Notices (First Request), which was received on March 22, 2020. On Form 12153, they indicated that they sought review for collection activities relating to tax years 2007 through 2013 for income tax liabilities and preparer penalties. Petitioners checked the boxes to indicate they were interested in an installment agreement and discharge of a lien. They attached to their First Request (1) levy notices relating to their 2012 and 2013 income tax liabilities from the 2020 Notices; (2) Notice CP91, Notice of Intent to Seize Social Security Benefits, dated March 2, 2020; and (3) Notice CP508C, Notice of Certification of Your Seriously Delinquent

[*6] Federal Tax Debt to the State Department, dated February 17, 2020.[6]

Petitioners' second request for a CDP hearing was mailed on December 15, 2020 (Second Request), before respondent issued the January 2021 Notices and the August 2021 Notices. Petitioners again indicated that they sought review for collection activities relating to tax years 2007 through 2013 for income tax liabilities and preparer penalties. They checked the boxes to indicate they were interested in an installment agreement and withdrawal of a lien. They attached to their Second Request nine Notices CP504, Notice of Intent to Seize (Levy) Your Property or Rights to Property, related to tax years 2007 through 2010 and preparer penalties for 2012 and 2013.[7]

Petitioners' final request for a CDP hearing was mailed on September 4, 2021 (Third Request). They indicated that they sought review for collection activities relating to tax years 2014 and 2015. They checked the box to indicate they were interested in an offer-in-compromise. They attached the lien notices from the August 2021 Notices to their request.

IV.  *CDP Hearing*

Petitioners' First Request was assigned to a settlement officer, who reviewed the request but transferred the case to another settlement officer (SO1) before contacting petitioners. Upon receipt of the First Request, SO1 reviewed petitioners' accounts and discovered the 2020 Notices that petitioners failed to include with their First Request. SO1 determined that petitioners' request for a CDP hearing was proper only for the years listed in the 2020 Notices. SO1 scheduled a telephone CDP hearing and requested financial information and proof that petitioners were current on tax obligations. SO1 issued Letter 4837, Appeals

---

[6] Neither the Notice CP91 nor the Notice CP508C entitled petitioners to a CDP hearing. *See* Treas. Reg. § 301.6330-1(a)(3), Q&A-A6; *Internal Revenue Manual* (IRM) 5.11.7.3.4 (Sept. 23, 2016). Notice CP91 notifies a taxpayer that the IRS intends to levy upon a maximum of 15% of the taxpayer's Social Security benefits. *See* IRM 5.11.7.3.4. Notice CP508C notifies a taxpayer that the IRS has certified to the State Department that he is a person owing a "seriously delinquent tax debt." *See Garcia v. Commissioner*, 157 T.C. 1, 3 (2021). This notice entitles a taxpayer to petition this Court for review of the certification. *See* § 7345(e)(1). Petitioners did not indicate in their petition that they sought to challenge this certification.

[7] For the reasons discussed *infra*, these notices did not entitle petitioners to a CDP hearing.

[*7] Received Your Request for Collection Due Process Hearing, outlining these requests to petitioners' address, which is identical to that indicated on the petition to this Court. This request was mailed on July 14, 2021, and provided a 14-day deadline to submit the information. Petitioners left a voicemail for SO1 in which they requested that the CDP hearing be rescheduled because of health problems but did not leave a phone number at which to reach them in the voicemail. SO1 attempted to reach petitioners at the number that appeared on the caller ID at the time of the voicemail but received no answer.

Before setting a new date for the CDP hearing, SO1 became aware of petitioners' Second Request, which failed to include either a lien notice or a levy notice. SO1 searched petitioners' account and discovered the January 2021 Notices, which were issued after the Second Request. Because the January 2021 Notices were issued after petitioners mailed the Second Request, SO1 determined that petitioners' Second Request was premature to place the January 2021 Notices at issue. As for the notices petitioners attached to their Second Request, SO1 determined that with respect to the Notices CP504, petitioners were not entitled to a CDP hearing because they had previously requested a CDP hearing for levy notices related to these liabilities. SO1 concluded that petitioners were not entitled to a CDP hearing based on the Second Request, and on August 6, 2021, issued letters to petitioners informing them of this decision.

On August 20, 2021, SO1 sent petitioners Letters 4837, Substantive Contact Uniform Acknowledgement Letter, rescheduling the CDP hearing for September 28, 2021, and the submission deadline for September 23, 2021. The case was transferred to another settlement officer (SO2) before the CDP hearing. Petitioners did not provide the financial information and failed to attend the rescheduled CDP hearing.

On September 13, 2021, SO2 received the Third Request and determined that the August 2021 Notices were properly at issue. On January 6, 2022, SO2 issued Letter 4000, Last Chance Letter, to petitioners, requesting that they submit the requested financial information by February 16, 2022. Additionally, SO2 sent petitioners Letter 4837, scheduling a CDP hearing regarding the Third Request for February 16, 2022. Petitioners again did not submit the requested information and failed to attend the CDP hearing. SO2 reviewed petitioners' file and verified that all requirements of applicable law and administrative procedure were satisfied.

[*8] On June 7, 2022, SO2 sent each petitioner a Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330. SO2 sustained the collection activities related to the 2020 Notices and the August 2021 Notices. Petitioners timely sought review in this Court. In their petition they checked the boxes to indicate that they were challenging a notice of determination concerning collection activities and a notice of final determination for disallowance of interest abatement claim. Petitioners indicated that they were challenging notices related to tax years 2007 through 2015 that concerned income tax liabilities and preparer penalties. Petitioners ask this Court to find that respondent abused his discretion by improperly sustaining collection activities and failing to provide an opportunity for petitioners to respond.

On February 22, 2023, respondent filed a Motion to Dismiss for Lack of Jurisdiction for all claims related to petitioners' income tax liabilities for tax years 2007 through 2010 and Don's 2012 and 2013 preparer penalties and for the determination not to abate interest. On March 3, 2023, respondent filed a Motion for Summary Judgment as to the remaining issues. On March 21, 2023, this Court ordered petitioners to file an objection to both motions by April 19, 2023. Petitioners failed to do so.

*Discussion*

I.     *Motion to Dismiss for Lack of Jurisdiction*

Respondent asks this Court to dismiss for lack of jurisdiction any claims related to petitioners' income tax liabilities for tax years 2007 through 2010 and Don's 2012 and 2013 preparer penalties. Respondent further asks that we dismiss for lack of jurisdiction petitioners' claim related to the denial of abatement of interest.

We are a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *See* § 7442; *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985). Where this Court's jurisdiction is duly challenged, as here, our jurisdiction must be affirmatively shown by the party seeking to invoke that jurisdiction. *See David Dung Le, M.D., Inc. v. Commissioner*, 114 T.C. 268, 270 (2000), *aff'd*, 22 F. App'x 837 (9th Cir. 2001); *Fehrs v. Commissioner*, 65 T.C. 346, 348 (1975). To meet this burden, the party "must establish affirmatively all facts giving rise to our jurisdiction." *See David Dung Le, M.D., Inc.*, 114 T.C. at 270; *Wheeler's Peachtree Pharmacy, Inc. v.*

[*9] *Commissioner*, 35 T.C. 177, 180 (1960). Petitioners invoked our jurisdiction and therefore bear the burden of establishing jurisdiction.

### A. *Notices of Determination*

In their petition, petitioners ask the Court to consider determinations related to tax years 2007 through 2015. Petitioners attached to their petition the notices of determination issued June 7, 2022, related to Don's 2011 preparer penalty and petitioners' 2012 through 2015 income tax liabilities. This notice of determination is the sole basis for our jurisdiction in this case.

By contrast, petitioners did not attach to their petition notices of determination relating to tax years 2007 through 2010 or Don's preparer penalties from 2012 and 2013. In a diligent review of his records, respondent found notices of determination related to these tax years that were issued in 2018 and previously challenged in this Court. Our decisions relating to these notices of determination are final within the meaning of section 7481(a)(1). We are precluded from vacating or otherwise altering those decisions, absent an exception not applicable here. *See Cinema '84 v. Commissioner*, 122 T.C. 264, 270 (2004). Therefore, these notices of determination, which were previously the subject of litigation, do not confer jurisdiction on this Court.

By including challenges to collection actions related to their 2007 through 2010 income tax liabilities and Don's preparer penalties from 2012 and 2013, petitioners appear to argue that SO2 improperly failed to include these actions in the notices of determination issued on June 7, 2022. However, the administrative record does not contain any lien or levy notice which entitled petitioners to a CDP hearing for those collection actions based on the three CDP hearing requests filed by petitioners.

Neither the Notices CP504 nor the January 2021 Notices obligated SO2 to grant petitioners' Second Request for a CDP hearing. Taxpayers may request a CDP hearing only in response to specific notices issued by respondent. *See* Treas. Reg. § 301.6330-1(a)(3), Q&A-A6 (providing that a pre-levy notice must include "[n]otification of the right to request a CDP hearing"); IRM 8.22.4.2.2 (Aug. 26, 2020). A taxpayer's right to a CDP hearing is further limited by section 6330(b)(2), which provides that a taxpayer is entitled to only one levy CDP hearing regarding the taxable period to which the unpaid tax liability relates. *See* Treas. Reg. § 301.6330-1(b)(1). A premature CDP

[*10] hearing request is ineffective. *See Andre v. Commissioner*, 127 T.C. 68, 74 (2006).

First, petitioners appear to argue that SO2 improperly concluded that they were not entitled to a levy CDP hearing on the basis of the Notices CP504 attached to the Second Request. These notices relate to petitioners' 2007 through 2009 joint income tax liabilities, Don's 2010 income tax liability, and Don's 2012 and 2013 preparer penalties. SO2 determined that these notices did not entitle petitioners to CDP hearings because they previously had levy CDP hearings related to these liabilities. This determination was correct as to petitioners' 2007 through 2009 income tax liabilities and Don's 2010 income tax liability. Thus, they would be ineligible for an additional CDP hearing with respect to these tax years even if a notice otherwise entitled them to such a hearing. *See* Treas. Reg. § 301.6330-1(b)(1).

As for Don's 2012 and 2013 preparer penalties, SO2's rationale was incorrect, but that error was harmless. The record before us indicates that Don was not previously granted a levy CDP hearing.[8] Thus, he would be entitled to such a hearing after respondent issued a notice sufficient to entitle him to a CDP hearing. *See Freije v. Commissioner*, 131 T.C. 1, 4 (2008), *aff'd*, 325 F. App'x 448 (7th Cir. 2009). Don has failed to produce a levy notice related to his 2012 or 2013 preparer penalties that would entitle him to a CDP hearing. The notices CP504 are not formal CDP levy notices, and they did not state that Don could request a collection due process hearing. *See* Treas. Reg. § 301.6330-1(a)(3), Q&A-A6; IRM 8.22.4.2.2. Don did not provide any other levy notice for these liabilities. Thus, Don was not entitled to a CDP hearing for his 2012 and 2013 preparer penalties.

Finally, petitioners appear to argue that SO2 erred in determining that they improperly requested a lien CDP hearing based on the January 2021 Notices. Petitioners' Second Request was mailed on December 15, 2020. The January 2021 Notices were not issued until January 21, 2021, and January 28, 2021. Thus, petitioners' Second Request was premature to place the January 2021 Notices at issue. *See Andre*, 127 T.C. at 74. Petitioners' Third Request was received after the issuance of the January 2021 Notices; however, the request did not ask for review of tax years covered by the January 2021 Notices. Thus,

---

[8] Don previously had a lien CDP hearing related to these liabilities.

**[\*11]** petitioners failed to properly request a lien CDP hearing based on the January 2021 Notices.

Therefore, respondent was not obligated to grant petitioners a CDP hearing and issue a determination in response to the Second Request. We conclude that the notices of determination do not cover collection activities related to petitioners' income tax liabilities for tax years 2007 through 2010 and Don's 2012 and 2013 preparer penalties. Thus, we have no jurisdiction over these years.

B.     *Determination Not to Abate Interest*

Petitioners also indicated on their petition that they seek review of a notice of final determination for disallowance of interest abatement. With respect to an appeal of a determination not to abate interest, our jurisdiction depends on the issuance of a final determination not to abate interest or sufficient time passing after the taxpayer requests such abatement and timely filing of a petition for review. *See* § 6404(h) (setting a 180-day filing deadline after the mailing of the final determination); *Williams v. Commissioner*, 131 T.C. 54, 56 (2008); *Bourekis v. Commissioner*, 110 T.C. 20, 26 (1998).

Petitioners have failed to produce a notice of final determination for disallowance of interest abatement related to any of the years at issue. In his motion, respondent asserts that he has conducted a diligent search of his records to determine whether a notice of final determination for disallowance of interest abatement has been issued to petitioners, and that, on the basis of that search, he has determined that no such notice has been issued. Moreover, respondent further asserts, on the basis of the foregoing search, petitioners did not file a claim for abatement of interest. Thus, petitioners have failed to show a notice sufficient to confer jurisdiction regarding the disallowance of interest abatement.

Accordingly, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction as to the claims related to petitioners' 2007 through 2010 tax years and Don's 2012 and 2013 preparer penalties. We further will grant respondent's Motion to Dismiss for Lack of Jurisdiction as to any claim relating to a notice of final determination for disallowance of interest abatement.

**[\*12]** II.    *Motion for Summary Judgment*

    A.    *Summary Judgment Standard*

Absent an agreement to the contrary, our decision in this case is appealable to the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b)(1)(G)(i), (2). That court has held that, where de novo review is not applicable, the scope of review in a CDP case is confined to the administrative record. *See Keller v. Commissioner*, 568 F.3d 710, 718 (9th Cir. 2009), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases. For the reasons discussed below, de novo review is not available in this case, and petitioners have offered no reason to believe that the administrative record is incomplete. Accordingly, "summary judgment serves as a mechanism for deciding, as a matter of law, whether the agency action is supported by the administrative record and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Belair v. Commissioner*, 157 T.C. 10, 17 (2021) (quoting *Van Bemmelen v. Commissioner*, 155 T.C. 64, 79 (2020)). We conclude that as a matter of law, the notices of determination are supported by the administrative record and are not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

Because petitioners did not respond to the motion for summary judgment, we could enter a decision against them for that reason alone. *See* Rule 121(d). We will nevertheless consider the motion on its merits. *Cf. Chadwick v. Commissioner*, 154 T.C. 84, 89 (2020).

    B.    *Standard of Review*

Section 6320(b) permits a taxpayer to challenge an IRS lien before the Appeals Office, and section 6320(c) (incorporating section 6330(d)) provides for Tax Court review of an Appeals Office determination. Section 6330(b) permits a taxpayer to challenge an IRS levy before the Appeals Office, and section 6330(d) provides for Tax Court review of an Appeals Office determination. The Code does not prescribe the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case; rather, we are guided by our precedents.

Where the validity of a taxpayer's underlying liability is properly at issue, we review the IRS determination de novo. *See Goza v. Commissioner*, 114 T.C. 176, 181–82 (2000). Where a taxpayer's underlying liability is not properly at issue, we review the IRS

[*13] determination for abuse of discretion only. *See id.* at 182. A taxpayer may dispute his underlying liability in a CDP hearing, but only if he did not receive a valid notice of deficiency or otherwise have a prior opportunity to contest his liability. § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000). The prior opportunity to dispute the underlying liability may occur at a judicial hearing. *See Katz v. Commissioner*, 115 T.C. 329, 339–40 (2000) (finding that a taxpayer was precluded from disputing the underlying liability when that liability was determined by a prior stipulated decision). An opportunity to dispute a liability not subject to deficiency procedures may occur before or after the assessment of the liability. *See* Treas. Reg. § 301.6320-1(e)(3), Q&A-E2; *Lewis v. Commissioner*, 128 T.C. 48, 61 (2007) (upholding the validity of Treas. Reg. § 301.6320-1(e)(3), Q&A-E2); *see also Abu-Dayeh v. Commissioner*, T.C. Memo. 2015-136, at *3–4, *9 (holding that a taxpayer could not challenge the underlying liability in a CDP hearing after a preassessment hearing relating to a section 6694 penalty).

Petitioners had a prior opportunity to dispute their 2012 through 2015 income tax liabilities in prior litigation before this Court. This was a prior opportunity to contest the liabilities and thus the underlying liabilities were not properly at issue in the CDP hearing. As for Don's 2011 preparer penalty, he likewise had an opportunity to contest the liability. After the decision to reassess the 2011 preparer penalty, respondent issued Letter 1125, informing Don of his right to a preassessment Appeals Office conference. Don requested and was provided this preassessment Appeals Office conference to challenge the reassessment of the 2011 preparer penalty. This preassessment Appeals Office conference afforded Don a prior opportunity to contest his liability, precluding him from challenging the underlying liability at the CDP hearing. *See Abu-Dayeh*, T.C. Memo. 2015-136, at *3–4, *9. Accordingly, petitioners' underlying liabilities are not properly before this Court, and we will review SO2's determinations for abuse of discretion.

C.    *Abuse of Discretion*

In determining whether the settlement officer abused his discretion in sustaining the collection actions, we consider whether he (1) properly verified that the requirements of applicable law or administrative procedure have been met, (2) considered any relevant issues petitioners raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes

**[*14]** with the legitimate concern of [petitioners] that any collection action be no more intrusive than necessary." *See* § 6320(c) (incorporating section 6330(c)).

In their petition, petitioners alleged three errors. The first two errors relate to SO2's verification that the preparer penalties were properly assessed: (1) the preparer penalties could not be reassessed and (2) the assessment of the preparer penalties was improper. Petitioners' final allegation of error relates to the settlement officers' alleged failure to provide petitioners with an opportunity to respond. Because petitioners' underlying liabilities were not at issue and the administrative record contains requests for documents related to collection alternatives, we construe this argument to relate to petitioners' request for collection alternatives. We address each allegation below.

### 1. *Verification*

Section 6330(c)(1) requires a settlement officer to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." One such requirement that the settlement officer must verify is that a valid assessment of the underlying liability was made. *See Ron Lykins, Inc. v. Commissioner*, 133 T.C. 87, 97 (2009). Verification of compliance with applicable law is reviewable by this Court without regard to whether the taxpayer raised it at the CDP hearing. *See Hoyle v. Commissioner*, 131 T.C. 197, 202–03 (2008), *supplemented by* 136 T.C. 463 (2011). The settlement officer's verification has been accepted as adequate if there is supporting documentation in the administrative record. *See Blackburn v. Commissioner*, 150 T.C. 218, 222 (2018). Petitioners allege two failures on the part of SO2 relating to the preparer penalty: the reassessment of the preparer penalty was precluded by the prior stipulated decision and assessment of the preparer penalty was improper. We reject both arguments.

Petitioners first alleged that respondent could not reassess the preparer penalty after the prior stipulated decision. On April 20, 2018, this Court entered a stipulated decision in a CDP case regarding this preparer penalty. The stipulated decision ordered that the collection action related to Don's 2011 preparer penalty was "not sustained." The parties' agreement in the "below-the-line stipulation" attached to the stipulated decision stated that the preparer penalty was abated for lack of compliance with section 6751(b) but stated it was "without prejudice

**[\*15]** to respondent's right to reassess the civil penalty under I.R.C. § 6694(b) for the taxable year 2011 pursuant to the procedures prescribed in the Internal Revenue Code, to the extent permitted by law."

A "below-the-line stipulation," that is, a stipulation "below the judge's signature" on a stipulated decision, evidences only an agreement between the parties. *See Hill v. Commissioner*, T.C. Memo. 2021-121, at \*18, *aff'd*, 64 F.4th 1240 (11th Cir. 2023); *Smith v. Commissioner*, T.C. Memo. 2009-33, slip op. at 6–7 (distinguishing a below-the-line stipulation from the decision line, which "determin[es] deficiencies, additions to tax, and penalties"). Such a stipulation does not constitute a finding by the Court.

In their petition, petitioners assert that the IRS was precluded from reassessing the penalty. Under the res judicata, or claim preclusion, doctrine, "[w]hen a court of competent jurisdiction has tendered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound." *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948). The elements of res judicata are: (1) a final judgment on the merits in an earlier action by a court of competent jurisdiction; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in the earlier and later suits. *See Hambrick v. Commissioner*, 118 T.C. 348, 351 (2002).

The first and second elements are clearly established. A stipulated decision is a judgment on the merits for purposes of res judicata. *See Krueger v. Commissioner*, 48 T.C. 824, 829 (1967); *Goodman v. Commissioner*, T.C. Memo. 2006-220, slip op. at 7. In entering the stipulated decision, we properly exercised our jurisdiction under section 6330(d)(1). Both parties were also parties to the prior case.

However, the case in which we entered the stipulated decision and this case are not the same cause of action. Two cases relate to the same cause of action if the cases arise out of the same nucleus of operative facts. *See Breland v. Commissioner*, 152 T.C. 156, 162 (2019) (citing *Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc.* (*In re Piper Aircraft Corp.*), 244 F.3d 1289, 1297, 1299 (11th Cir. 2001)). Here, the action currently before the Court (and that was before SO2) arises from the levy action in 2020 related to Don's 2011 preparer penalties as assessed in 2018. In contrast, the prior case in which we entered a stipulated decision arose from a levy action related to Don's 2011

**[\*16]** preparer penalties as assessed in 2016. Specifically, the facts considered in determining the appropriateness of collection activity related to Don's 2011 preparer penalties assessed in 2016 did not include consideration of the 2018 assessment. Likewise, the procedure surrounding the 2018 penalty assessment is the focus of this case. Thus, res judicata from the stipulated decision would not preclude respondent from reassessing the penalties.

The parties' "below-the-line stipulation" states that the 2011 preparer penalty was abated for lack of compliance with section 6751(b) but further states it was "*without prejudice* to respondent's right to reassess the civil penalty under I.R.C. § 6694(b) for the taxable year 2011 pursuant to the procedures prescribed in the Internal Revenue Code, to the extent permitted by law." (Emphasis added.) "[W]ithout prejudice" is defined as "in a way that does not harm or cancel the legal rights or privileges of a party." *Without Prejudice*, *Black's Law Dictionary* (11th ed. 2019); *see also Vetrano v. Commissioner*, 116 T.C. 272, 278 (2001) (defining "without prejudice" as preserving the right to relief at a later time), *supplementing* T.C. Memo. 2000-128. The plain meaning of the 2018 stipulated decision entitles respondent to reassess the penalty in conformance with procedural requirements.

Next, petitioners allege that respondent improperly assessed the preparer penalty. They contend that the penalty was assessed after the period of limitations, that the penalty was imposed and assessed against Kathleen, and that the assessment dates are incorrect. Petitioners rely on the first sentence of section 6696(d)(1), which provides that a penalty under 6694(a) must be assessed within three years of filing the return. However, respondent asserts a penalty under section 6694(b). A penalty under section 6694(b) can be assessed "at any time." *See* § 6696(d)(1); *McNamee v. Commissioner*, T.C. Memo. 2020-37, at \*17. Accordingly, respondent's assessment was not untimely. Further, there is nothing in the administrative record to indicate that the preparer penalty was imposed on Kathleen nor that the assessment dates are incorrect.

In meeting the obligation under section 6330(c)(1), SO2 verified that the assessment was properly made, the penalty was properly approved under section 6751(b), the notice and demand for payment was properly mailed, and a liability was due. These determinations are supported by the administrative record. Accordingly, SO2 did not abuse his discretion in verifying compliance with the requirements of applicable law or administrative procedure.

**[\*17]**     2.     *Petitioners' Request for Collection Alternatives*

A settlement officer is required to consider any relevant issue a taxpayer raises during the CDP hearing, including challenges to the appropriateness of collection actions and collection alternatives offered by the taxpayer. In their Forms 12153, petitioners requested consideration of an installment agreement, a lien discharge, and an offer-in-compromise. In reviewing a determination under section 6330(c)(2), we consider only issues the taxpayer adequately raised during the hearing. *See LG Kendrick, LLC v. Commissioner*, 146 T.C. 17, 34 (2016), *aff'd*, 684 F. App'x 744 (10th Cir. 2017). A taxpayer does not properly raise the issue during the hearing if he "fails to present to Appeals any evidence with respect to that issue after being given a reasonable opportunity to present such evidence." *See* Treas. Reg. §§ 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3; *see also LG Kendrick, LLC*, 146 T.C. at 34; *Shanley v. Commissioner*, T.C. Memo. 2009-17, slip op. at 13–14 (holding that a 14-day deadline to submit financial documents was reasonable given that the taxpayer had three months from his request for a CDP hearing to gather the information).

Petitioners failed to submit financial information, collection alternatives, or proof of current compliance with tax obligations to the settlement officers during the CDP hearing. The record reflects that throughout the administrative process petitioners were given multiple opportunities to submit sufficient information to support their request for collection alternatives. SO1 first requested this financial information on July 14, 2021, and provided a 14-day deadline. This deadline was extended multiple times with the final deadline set for February 16, 2022. This period in which petitioners could have provided the necessary information was reasonable. Thus, SO2 did not abuse his discretion by issuing the notices of determination when petitioners failed to provide the requested information.

Petitioners argue that their failure to participate in the hearing or provide the requested information was due to the settlement officers' failure to communicate. The administrative record does not support this claim. The administrative record shows that petitioners called SO1 on only one occasion and left a voicemail but failed to provide SO1 with a phone number at which they could be reached. The settlement officers attempted multiple times to call petitioners back at the number appearing on the caller ID, but petitioners failed to answer. Petitioners do not deny having received the phone calls from the settlement officers. In addition to the phone calls, the settlement officers sent numerous

**[*18]** letters to petitioners regarding the CDP hearing. Petitioners do not deny having received these letters, which were sent to their current address of record with this Court. Accordingly, we hold that respondent did not abuse his discretion in issuing the notices of determination when petitioners failed to provide any information relevant to the collection alternatives.

### 3. *Balancing*

Petitioners did not allege on the petition or argue at any later point that SO2 failed to consider "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." *See* § 6330(c)(3)(C). They thus have conceded this issue. *See* Rule 331(b)(4); *see also Ansley v. Commissioner*, T.C. Memo. 2019-46, at *19. In any event SO2 expressly concluded in the notices of determination that the collection actions balanced the need for efficient tax collection with petitioners' legitimate concerns about intrusiveness. Again, we find no abuse of discretion.

We conclude that SO2 did not abuse his discretion in sustaining the collection activities. Accordingly, we will grant respondent's Motion for Summary Judgment under Rule 121.

To reflect the foregoing,

*An appropriate order and decision will be entered.*